[Cite as *State v. Crank*, 2016-Ohio-7203.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2016CA00042 |
| CHESTER CRANK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2013CR1468

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 30, 2016

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO, JR.
Prosecuting Attorney,
Stark County, Ohio

By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

CHESTER CRANK, PRO SE
Inmate No. 660-156
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430

*Hoffman, P.J.*

{¶1}  Defendant-appellant Chester Crank appeals the February 23, 2016 Judgment Entry entered by the Stark County Court of Common Pleas denying his petition for post-conviction relief captioned "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  On July 25, 2014, Appellant was convicted in the Stark County Court of Common Pleas of aggravated murder, aggravated burglary, aggravated robbery, aggravated arson with three firearm specifications for the January 7, 2007 death of Bennie Angelo.  The trial court sentenced Appellant to eight years in prison on the aggravated arson; three years each on the firearm specifications for a total of nine years; and a sentence of life without the possibility of parole on the aggravated murder charge. The aggravated burglary and aggravated robbery charges merged at sentencing with the aggravated murder charge.  The trial court found the aggravated arson charge resulted from a separate animus and therefore did not merge with the aggravated murder charge.

{¶3}  At trial, the State presented testimony of seventeen witnesses and a tape recorded statement of Appellant to his cousin concerning the commission of the crime. Numerous other witnesses testified as to similar statements made by Appellant to them concerning the crimes committed. It is undisputed the statements were made while Appellant was drinking and/or intoxicated.

{¶4}  Appellant, through counsel, did not present any evidence.

---

[1] A full rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶5} Appellant filed a direct appeal from his conviction and sentence, including in the assigned errors an argument as to the ineffective assistance of trial counsel. On May 18, 2015, this Court affirmed Appellant's conviction and sentence. See *State v. Crank*, Stark App. No. 2014CA00175, 2015-Ohio-1909.

{¶6} On April 23, 2015, Appellant filed a petition for post-conviction relief captioned "Motion to Set Aside Judgment of Conviction or Sentence." The State filed a response, as well as, a Motion to Dismiss and a Motion for Summary Judgment.

{¶7} The trial court denied Appellant's Petition to Set Aside Judgment of Conviction or Sentence via Judgment Entry entered February 23, 2016, granting the State's motion for summary judgment and dismissal.

{¶8} Appellant appeals, assigning as error:

{¶9} "I. THE DEFENDANT-APPELLANT, CRANK, RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶10} "II. THE DEFENDANT-APPELLANT, CRANK, WAS DENIED DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16 ARTICLE I OF THE OHIO CONSTITUTION, WHEN THE TRIAL COURT INAPPROPRIATELY DENIED HIS PETITION FOR POST-CONVICTION RELIEF ."

I. and II.

{¶11} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶12} When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines the files and records of the case show the petitioner is not entitled to relief. R.C. 2953.21(E). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk,* 77 Ohio St.3d 93, 96, 1996–Ohio–337, 671 N.E.2d 233. "Res judicata is applicable in all post-conviction relief proceedings." *Id.* at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.*

{¶13} Initially, we note, Appellant's claims are not barred by the doctrine of res judicata because the arguments Appellant raised in his petition are based upon a claim of ineffective assistance of trial counsel for failure to introduce evidence de hors the record.

{¶14} A defendant is entitled to post-conviction relief under R.C. 2953.21 only upon a showing of a violation of constitutional dimension occurring at the time the defendant was tried and convicted. *State v. Powell* (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* Knox App.No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. In reviewing a trial court's denial of an appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is

supported by competent and credible evidence. *State v. Delgado* (May 14, 1998), Cuyahoga App. No. 72288, citing *State v. Mitchell* (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶15} The test for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See, also State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶16} In order to warrant a finding trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

{¶17} Recently, the United States Supreme Court discussed the prejudice prong of the *Strickland* test,

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 694, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.,* at 693, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.,* at 687, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

"Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky,* 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland,* 466 U.S., at 689–690, 104 S.Ct. 2052, 80 L.Ed.2d 674. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.,* at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *see also Bell v. Cone,* 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell,* 506

U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland,* 466 U.S., at 690, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Harrington v. Richter,* —— U.S. ——, 131 S.Ct. 770, 777–778, 178 L.Ed.2d 624(2011).

**{¶18}** A defendant has no constitutional right to determine trial tactics and strategy of counsel. *State v. Cowans,* 87 Ohio St.3d 68, 72, 717 N.E.2d 298 (1999); *State v. Conway,* 108 Ohio St.3d 214, 2006–Ohio–791, 842 N.E.2d 996, ¶ 150; *State v. Donkers,* 170 Ohio App.3d 509, 2007–Ohio–1557, 867 N.E.2d 903, (11th Dist.), ¶ 183. Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant. *Id.* When there is no demonstration counsel failed to research the facts or the law or counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), *citing People v. Miller,* 7 Cal.3d 562, 573–574, 102 Cal.Rptr. 841, 498 P.2d 1089(1972); *State v. Wiley,* 10th Dist. Franklin No. 03AP–340, 2004–Ohio–1008, ¶ 21.

**{¶19}** The presentation of witnesses, questioning, and cross-examination of witnesses falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel. *State v. Hoffner,* 102 Ohio St.3d 358, 2004–Ohio–3430, 811 N.E.2d 48, ¶ 45; *State v. Campbell,* 90 Ohio St.3d 320, 339, 738 N.E.2d 1178(2000). In addition, to fairly assess counsel's performance, "a court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶20}** Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips,* 74 Ohio St.3d 72, 85, 656 N.E.2d 643, 1995–Ohio–171. Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. *Id.* "(p)oor tactics of experienced counsel, however, even with disastrous result, may hardly be considered lack of due process * * *." *State v. Clayton,* 62 Ohio St.2d 45, 48, 402 N.E.2d 1189 (1980)(quoting *United States v. Denno,* 313 F.2d 364 (2nd Cir.1963), *certiorari denied* 372 U.S. 978, 83 S.Ct. 1112, 10 L.Ed.2d 143.

**{¶21}** Initially, Appellant alleges his trial counsel was ineffective in failing to cross-examine Robert Race as to the dates of Appellant's alleged confession, and in failing to present evidence Appellant was incarcerated in Case No. 2012CRB04538 at the time of his alleged confession. Appellant's petition for post-conviction relief submits he was incarcerated at the time of the alleged confession as to which Robert Race testified, and submits Exhibit A from the Stark County Jail indicating a booking date of 12/07/12, and a release date of 02/02/2013, on Stark County Case No. 2012CRB04538, for unauthorized use of a vehicle.

**{¶22}** Specifically, Robert Race testified at trial Appellant came over to his home about a year and a half before the trial and Appellant talked about the murders. Race did not specify an exact date or time he heard the statement, but rather testified to a general timeframe of a "year and a half" before the trial. Therefore, we find Appellant's claim he was incarcerated at the time of the statement to be speculative. Further, we find Race's

testimony cumulative evidence to the numerous witnesses who testified as to Appellant's statements confessing to the robbery, burglary, arson and murder of Bennie Angelo.

{¶23} Appellant has not demonstrated prejudice as a result of the testimony of Race.

{¶24} Appellant further asserts his counsel was ineffective in failing to call witnesses on his behalf. Specifically, Appellant argues trial counsel failed to call the individuals said to have been present at the time Appellant made statements to the witnesses presented by the State at trial.

{¶25} Appellant's petition does not present affidavits or the names of any particular witnesses, nor does Appellant identify what the witnesses would have testified to at trial. Rather, Appellant speculates the witnesses' testimony would have been beneficial to his defense. Appellant asserts he could not attach evidence or affidavits on behalf of the witnesses as he needs appointed counsel or an appointed expert witness to obtain the same.

{¶26} The trial court previously denied Appellant's request for court appointed counsel and a court appointed expert witness on his behalf as petitions for post-conviction relief are civil in nature. Appellant did not appeal the trial court's ruling.

{¶27} Upon review, Appellant has not demonstrated but for the alleged error of counsel, the outcome of the trial would have been otherwise. We find Appellant's argument speculative and insufficient to satisfy the prejudice prong of *Strickland*.

{¶28} Appellant also maintains trial counsel was ineffective in failing to call an expert to testify as to Appellant's level of intoxication at the time of the tape recorded statements made to Regina Lyons, Appellant's cousin. We disagree.

**{¶29}** Numerous witnesses testified at trial as to statements made by Appellant relative to the arson, robbery, burglary and murder of Bennie Angelo. Numerous witnesses testified to Appellant's drinking and intoxication prior to making the statements confessing to the crimes. The witnesses testified Appellant would often drink and start talking about killing a man.

**{¶30}** Regina Lyons agreed to wear a digital recording device to record Appellant's statements in order to assist law enforcement herein. She recorded over twenty-hours of conversation with Appellant. She testified at trial Appellant would start drinking, and would freely talk about the killing and beating of Bennie Angelo. During one recorded statement, Appellant mentioned watching "Bennie bleed out" and said he enjoyed it. Another time he said he beat him [Angelo] and burned down the house.

**{¶31}** Appellant has not provided sufficient evidence as to how the testimony of an expert would have educated the jurors or added to his defense. He simply speculates the expert would testify the alcohol and drugs led him to falsely confess, numerous times, in separate settings, to different individuals relative robbery, burglary, murder and arson involving Bennie Angelo.

**{¶32}** We find Appellant's argument relative to expert testimony speculative. Appellant cannot demonstrate prejudice under the second prong of *Strickland*.

**{¶33}** Finally, Appellant asserts trial counsel was ineffective in failing to investigate an alibi defense. Appellant asserts he was either incarcerated or court ordered to reside in a half-way house at the time of the offenses.

**{¶34}** Appellant attaches Exhibit C to his petition for post-conviction relief, a print out docket from the Canton Municipal Court in Case No. 2006CRB02689. The docket

indicates on 06/21/2006, the trial court ordered Appellant "continue with Phoenix House," a half-way house. Appellant contends, because the docket does not indicate the trial court noted a release date from Phoenix House, he was still housed there at the time the murder, arson, robbery and burglary were alleged to have been committed herein.  We disagree.

**{¶35}** The Canton Municipal Court docket indicates on 07/12/2006 the court, via Journal Entry, placed Appellant under Community Control Supervision. On 8/29/2006, the docket indicates Appellant "completed TASC." Accordingly, we find Appellant's assertion he was housed in a half-way house at the time of the commission of the charges herein and therefore subject to roll-call and curfew, not supported by the evidence but merely speculation.

**{¶36}** Upon review of Appellant's petition for post-conviction relief and the record herein, we find Appellant has not submitted evidentiary documents nor alleged operative facts which would entitle Appellant to an evidentiary hearing, and Appellant has not demonstrated the lack of competent counsel or his defense was prejudiced by counsel's ineffective assistance at trial.

**{¶37}**  The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur