[Cite as *State v. McGowan*, 2020-Ohio-1304.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JONATHAN MCGOWAN, | : | Case No. 2019CA00171 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
                                of Common Pleas, Case No. 2018-
                                CR-0283(A)


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               March 31, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRARO                           JONATHAN C. MCGOWAN, pro se
Prosecuting Attorney                      Inmate No. A751-238
Stark County, Ohio                        Ross Correctional Institution
                                          P.O. Box 7010
By: KATHLEEN O. TATARKSY                  Chillicothe, Ohio 45601
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1}   Jonathan C. McGowan appeals the denial of his motion for postconviction relief. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2}   On February 20, 2018, the Stark County Grand Jury secretly indicted McGowan on three counts of attempt to commit murder, in violation of R.C. 2903.02(A), with repeat violent offender and firearm specifications; three counts of felonious assault, in violation of R.C. 2903.11(A)(2), with repeat violent offender and firearm specifications; two counts of domestic violence, in violation of R.C. 2919.25(A); having weapons while under disability, in violation of R.C. 2923.13(A)(2); discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3),(C)(1); improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(A); child endangering, in violation of R.C. 2919.22(A); and menacing by stalking, in violation of R.C. 2903.211(A)(1), (B)(2)(b).

{¶3}   McGowan appeared before the trial court on March 2, 2018, and entered a plea of not guilty. He filed a motion to suppress on March 20, 2018, arguing the trooper failed to advise him of his Miranda rights when he was detained in Summit County Jail on an unrelated charge. The trial court denied the motion to suppress and the matter proceeded to jury trial on April 30, 2018. The repeat violent offender specifications were tried to the bench.

{¶4}   A comprehensive review of the facts and the case from the underlying trial is unnecessary for the resolution of this appeal; we find the following summary sufficient.

{¶5} At the trial of this matter, the state called several witnesses as well as an expert to establish that McGowan was distraught and angered by Lakisha McGowan's plan to take their son and move out of state. The facts offered by the state demonstrated that McGowan recruited Angela Briere to help him find Lakisha and his son. Briere drove a borrowed car while McGowan rode in the passenger seat. McGowan saw the U-Haul that Lakisha and McGowan's son were using to move out of state on State Route 77 and he told Briere to drive beside the vehicle. Once parallel with the U-Haul, McGowan fired several shots into its cabin with a handgun and instructed Briere to drive off. The balance of the state's case revealed how McGowan attempted to conceal the weapon, how it was discovered and the testimony of the witnesses to the pertinent events.

{¶6} McGowan did not call any witnesses on his behalf, and moved for a Crim. R. 29 acquittal which the trial court denied. The jury found McGowan guilty of all counts.

{¶7} The trial court conducted a sentencing hearing on May 7, 2018, and imposed an aggregate prison term of 52 years. McGowan filed an appeal asserting four assignments of error:

I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE JAILHOUSE INTERROGATION AND APPELLANT WAS PREJUDICED BY THE STATEMENT'S ADMISSION AT TRIAL.

II. THE COURT ERRED BY NOT ALLOWING APPELLANT TO ADDRESS HIS DISPUTES WITH TRIAL COUNSEL FOR THE RECORD.

III. INSUFFICIENT EVIDENCE WAS PRESENTED AT TRIAL TO EACH ELEMENT OF THE CRIMES ALLEGED AND THE COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION AND SUBMITTING THE CASE TO THE JURY.

IV. THE MANIFEST WEIGHT OF THE EVIDENCE AT TRIAL SUPPORTED ACQUITTAL AND THE JURY FUNDAMENTALLY LOST ITS WAY IN RETURNING GUILTY VERDICTS.

**{¶8}** On June 25, 2019 we overruled the assignments of error and affirmed the decision of the trial court. *State v. McGowan*, 5th Dist. Stark No. 2018CA00075, 2019-Ohio-2554.

### PETITION FOR POST CONVICTION RELIEF

**{¶9}** On June 14, 2019 McGowan filed a petition for post-conviction relief asking that his conviction be vacated on three grounds:

1. Ineffective assistance of counsel for failure to file a motion to suppress;

2. Withholding of exculpatory evidence in violation of *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215;

3. Failure to allow him to confront witnesses against him.

**{¶10}** The state opposed the petition on multiple grounds, including an assertion that the claims were barred by res judicata. On October 19, 2019, the trial court denied the petition, concluding that McGowan's claims were barred by res judicata and that he did not receive ineffective assistance of counsel. McGowan filed a timely appeal and submitted three assignments of error:

**{¶11}** "I. INEFFECTIVE ASSISTANCE OF COUNSEL. APPELLANT WAS PREJUDICED BY THE ADMISSION OF THE FIREARM."

**{¶12}** "II. BRADY MATERIAL: THE VIOLATION OF APPELLANT'S DUE PROCESS CLAUSE AND PREJUDICE WITH THE HOLD OF INFORMATION THAT FAVORABLE TO THE APPELLANT. (SIC)"

**{¶13}** "III. VIOLATION OF APPELLANT VI AMENDMENT RIGHT. NOT ALLOWING APPELLANT TO CONFRONT ALL VICTIMS NOR CALL WITNESSES IN HIS FAVOR. THAT THE VIOLATION OF APPELLANT CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT. (SIC)"

## STANDARD OF REVIEW

**{¶14}** When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines the files and records of the case show the petitioner is not entitled to relief. R.C. 2953.21(F). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.* at 95. *State v. Weaver*, 5th Dist. No. CT2017-0075, 2018-Ohio-2509, 114 N.E.3d 766, ¶ 17 appeal not allowed, 153 Ohio St.3d 1504, 2018-Ohio-4285, 109 N.E.3d 1260.

**{¶15}** In this case, the trial court found the claims raised in the petition were barred by res judicata and dismissed the petition without a hearing. This is a question of law, and therefore we review the decision de novo. *Id*, at ¶ 20; *State v. Crank*, 5th Dist. Stark No. 2016CA00042, 2016-Ohio-7203, ¶ 12.

## ANALYSIS

### I.

**{¶16}** In his first assignment of error, McGowan claims that his counsel was ineffective for refusing to file a motion to suppress the firearm due to a discrepancy

between the serial number on the weapon and the serial number on a report filed by the investigating officer.

{¶17} The serial number discrepancy was addressed in the trial court by the officer responsible for the error. Officer Daley photographed the Taurus .380 with a serial number of 66455C, State's Exh. 20. Daley incorrectly recorded serial number on the inventory and reported the first number as 5 instead of 6. Tr. II, 306, 354. The weapon was properly identified and admitted as evidence. McGowan was aware of the conflict in the serial numbers and had the opportunity to address this alleged error in his direct appeal without resort to evidence outside the record and, therefore, the claim is barred by res judicata. *State v. Wilson*, 5th Dist. Delaware No. 18CAA040035, 2018-Ohio-5167, ¶ 64 appeal not allowed, 155 Ohio St.3d 1422, 2019-Ohio-1421, 120 N.E.3d 868.

{¶18} If, arguendo, res judicata did not apply, the outcome would remain unchanged. An ineffective assistance of counsel claim will be rejected when counsel's failure to file a suppression motion "was a tactical decision, there was no reasonable probability of success, or there was no prejudice," or where counsel could have reasonably decided that filing such a motion would have been futile, even if there is evidence in the record to support such a motion." *State v. White,* 4th Dist. Washington Nos. 17CA10& 17CA11, 2018-Ohio-18, ¶ 39, quoting *State v. Nields,* 93 Ohio St.3d 6, 2001-Ohio-1291, 752 N.E.2d 859. *State v. Phelps*, 5th Dist. Delaware No. 18 CAA 02 0016, 2018-Ohio-4738, ¶ 13. In the record before us, McGowan has failed to provide any evidence that there was any probability of success and we find that it was reasonable for counsel to decide that filing such a motion would have been futile. *State v. Remillard,* 5th

Dist. Knox No. 18CA16, 2019-Ohio-3545, ¶ 35, appeal not allowed, 157 Ohio St.3d 1524, 2019-Ohio-5327, 137 N.E.3d 107, (2019)

{¶19} Appellant's first assignment of error is overruled.

II.

{¶20} In his second assignment of error, McGowan alleges the appellee committed a *Brady* violation by failing to provide him the results of a warrant for cell phone records. McGowan now claims, for the first time, that he was out of town when the shooting occurred. In support of his position, he has attached the affidavit of the officer who sought the warrant for the records as well as a document with columns of numbers which he claims demonstrates that he was in Akron at the time the offense occurred. He does not include in his brief or in any of the attachments how or when he acquired these documents.

{¶21} We hold that this issue is also barred by the doctrine of res judicata. McGowan is attempting to submit evidence of a telephone call he claims he made, from Akron, to a third party who has not been identified. This information was in his possession at trial and for reasons he has not disclosed, it was not presented at trial. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by **234 the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233 (1996) (Citations omitted). The trial court was correct to conclude that it is now barred by res judicata.

**{¶22}** Even under *Brady v. Maryland, supra*, the result would remain unchanged. In that case, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87; See *State v. Treesh* (2001), 90 Ohio St.3d 460, 475, 739 N.E.2d 749. "In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *State v. Johnston* (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph five of the syllabus (following *United States v. Bagley* (1985), 473 U.S. 667, 105 S.Ct. 3375, 87L.Ed.2d 481).

**{¶23}** McGowan has presented a document that is allegedly a response to a subpoena for cell phone records and his unsworn statement that it reflects that he was in Akron at the time of the offense, but he offers no cogent support for such a conclusion. "Evidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery. *State v. Weaver,* 5th Dist. No. CT2017-0075, 2018-Ohio-2509, 114 N.E.3d 766, ¶ 26 appeal not allowed, 153 Ohio St.3d 1504, 2018-Ohio-4285, 109 N.E.3d 1260, ¶ 26 (2018), quoting *State v. Lawson,* 103 Ohio App. 3d 307, 315 659 N.E.2d 362 (12th Dist. Clermont 1995). The document McGowan offers in support of his

argument is incomprehensible and we cannot accept his speculation that it supports an alibi that was not offered at trial, namely that he was using his phone in Akron at the time of the offense.  Considering the evidence that was presented by the witnesses at trial, we cannot conclude that there was a reasonable probability that, had the evidence been disclosed to the defense, and we are assuming that it was not, the result of the proceeding would have been different.

{¶24}  The second assignment of error is denied.

III.

{¶25}  In his third assignment of error, McGowan argues that he was prevented from confronting the victims and was unable to call witnesses in his favor.  In support he offers the affidavit of Lakisha Rosser/McGowan who describes her knowledge of the incident and her rational for not testifying.

{¶26}  McGowan's arguments regarding the presentation of witnesses, including the victims, were addressed in the prior direct appeal.  During that appeal, he referenced the concern he expressed at trial that "his witnesses would not be called," and "how certain counts could go to the jury when the victims *** had not appeared or testified." He questioned whether "he had a right to confront Ms. McGowan and Jonathan Jr." (Appellant's Brief, p. 12, *State v. McGowan*, 5th Dist. Stark No. 2018CA00075, 2019-Ohio-2554).

{¶27}  McGowan was represented at trial and in his direct appeal and his comments at trial as emphasized in his appellate brief demonstrate that the allegations of the third assignment of error were raised at trial and could have been raised at the direct appeal.  Those arguments, therefore, are barred by res judicata.  *Szefcyk, supra.*

**{¶28}** Appellant's third assignment of error is denied and the decision of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.